

PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

|  |  |  |  |
|---|---|---|---|
| In Re: | * |  |  |
| Howard Hong Ming Yan | * | Case No. | 14-17211PM |
|  | * | Chapter | 13 |
|  | * |  |  |
|  | * |  |  |
| Debtor(s) | * |  |  |

### MEMORANDUM AND ORDER LIMITING FEE OF COUNSEL
### AND DIRECTING REFUND TO DEBTOR

This matter came before the court on the Response filed by the Debtor's counsel, Christopher L. Markham, to the court's Order to justify his fees. This Chapter 13 case was filed on May 3, 2014. The Schedules and the Statement of Financial Affairs were not included in the initial filing. On May 16, 2014, the Debtor filed all required documents, including the Disclosure of Compensation of Attorney for Debtor(s), reflecting counsel's receipt of $2,750.00 prior to the filing of the case. The Schedules reflected that the Debtor owns two parcels of real property collectively valued at $1,334,250. The value of each exceeded the scheduled secured debt. The property located in Bethesda was valued at $652,250.00 with secured debt of $451,357.00. The property located in Gaithersburg was valued at $682,000.00 with secured debt (including, in addition to a mortgage, judgment liens in favor of the IRS, Comptroller of Maryland and Montgomery County Department of Finance) of $534,355.73. No unsecured priority or nonpriority claims were scheduled. Schedule I reflected that the Debtor is self-employed earning $1,650.00 monthly. The monthly expenses scheduled on Schedule J totaled $2,300.08, resulting in negative monthly income of $650.08.

Despite there being no disposable income scheduled, the Debtor filed a Chapter 13 Plan proposing payment of $2,522.21 for 60 months. The Chapter 13 Plan proposed to pay the judgment lien holders outside the Plan and to pay Nationstar, the holder of a deed of trust on the Bethesda property, through the Plan and to "continue making payments after the plan term." Not surprisingly, the Chapter 13 Trustee filed an Objection to the Chapter 13 Plan on June 24, 2014, reciting a laundry list of deficiencies including that: (a) the Debtor failed to make all payments proposed under the Plan; (b) the Debtor failed to provide documentation supporting income listed on Schedule I, failing to fully cooperate with the Chapter 13 Trustee; (c) the Plan required amendment to add the mortgage arrears and to remove the Comptroller of Maryland, the Internal Revenue Service and Montgomery County; (d) the Debtor has non-exempt equity of at least $214,823.00 in real property and $7,237.00 in an Ameriprise Financial account; (e) the Debtor failed to prove ownership and the market value of scheduled real property; and (f) the Debtor's Schedule J reflects insufficient net monthly income to support the proposed Plan payments. On July 13, 2014, Capital One, N.A., the holder of the secured claim against the Gaithersburg property, also filed an Objection, alleging that the Plan failed to address its claim. On July 17, 2014, the Debtor moved to voluntarily dismiss the case and the case was dismissed the following day. Simultaneously, this court entered an Order to Justify Fee.

In responding to the Order to Justify Fee, counsel attached his time record that included 14 hours billed for a total fee of $2,750.00, amounting to $196.43 per hour. The court cannot overlook the fact that this Chapter 13 filing was absolutely futile. The scheduling of only secured debt and negative monthly income make that clear. Further, counsel's inattention to the Chapter 13 Plan, which did not address all claims and was patently infeasible, is inexcusable. Based on counsel's time records, there appears to be no attempt made to cooperate with the Chapter 13 Trustee after his Objection was filed. This case was open and the Debtor protected by the automatic stay for 76 days at a cost to the Debtor of $2,750.00 in Counsel's fee, the filing fee of $281.00 and the one payment made to the Chapter 13 Trustee of $2,522.21.00. The result obtained did not justify the expense to the Debtor. Accordingly, upon the court's review of this case and after consideration of those factors discussed in the case of *In re Morgan*, 48 B.R. 148 (BC Md. 1985), it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that reasonable fees in this case are fixed at $1,000.00; and it is further

ORDERED, that within fifteen (15) days of the date of this Order, counsel shall refund to the Debtor any sum received in excess of the fee fixed herein; and it is further

ORDERED, that counsel shall request a hearing within ten days of the date of this Order if exception is taken to this Order, in which event this Order shall be stayed pending further Order of the court.

cc:   Counsel for Debtor
      Trustee
      Debtor

**End of Memorandum and Order**

Case 14-17211 Doc 23 Filed 08/27/14 Page 4 of 4